UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN SOTO, | No. 2:20-cv-1635 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| D. HANSEN, et al., | |
| Defendants. | |

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

1

Plaintiff requests appointment of counsel on the grounds that he requires assistance with the case and discovering defendants' full names, which he is unable to do on his own because he is in a mental health program. ECF No. 16. There is no need for plaintiff to discover defendants' full names, as they have already been identified and indicated their intent to waive service of process, ECF No. 15, and plaintiff's general claim that he requires assistance does not establish the existence of extraordinary circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel, ECF No. 16, is DENIED.

DATED: May 5, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE